KURT OSENBAUGH (CA State Bar No. 106132)
ELIZA KARAPETYAN (CA State Bar No. 234100)
**ALSTON & BIRD LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
eliza.karapetyan@alston.com

JONATHAN KSIAZEK (IL State Bar. No. 6296997)
(*Pro Hac Vice* Application Pending)
**KEATON & ASSOCIATES, P.C.**
1278 W. Northwest Highway, Suite 903
Palatine, Illinois 60067
Telephone: (847) 934-6500
Facsimile: (847) 934-6508
ksiazek@pacatrust.com

Attorneys for Plaintiff
LOBUE GROWERS COOPERATIVE d/b/a/ LOBUE BROS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LOBUE GROWERS COOPERATIVE d/b/a/ LOBUE BROS, INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> NARA INTERNATIONAL, INC., a California Corporation; SUNG N. CHA, an individual; CHARLIE CHA, an individual; and JAMES K. YOO, an individual, <br><br> Defendants. | Case No.: CV09-00617 ODW (CWx) <br><br> **COMPLAINT FOR:** <br><br> (1) **ENFORCEMENT OF THE PACA TRUST;** <br> (2) **VIOLATION OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT;** <br> (3) **BREACH OF CONTRACT;** <br> (4) **BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES** |

For its Complaint, Plaintiff respectfully states as follows:

## THE PARTIES

1. LoBue Growers Cooperative d/b/a/ LoBue Bros, Inc., ("Plaintiff") is a California corporation with offices in Lindsay, California and operates its business

1

COMPLAINT

LEGAL02/31129144v1

under a valid PACA License which the United States Department of Agriculture granted to Plaintiff.

2. Plaintiff sells wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.

Defendants are:

a) Nara International, Inc., (the "Company") a California Corporation licensed to do business in the State of California;

b) Sung N. Cha ("S. Cha"), an individual residing in the State of California, is an officer or director or person in a position to control the Company at all times relevant to this action.

c) Charlie Cha ("C. Cha"), an individual residing in the State of California, is an officer or director or person in a position to control the Company at all times relevant to this action.

d) James K. Yoo ("Yoo"), an individual residing in the State of California, is an officer or director or person in a position to control the Company at all times relevant to this action.

S. Cha, C. Cha and Yoo are collectively referred to herein as the "Principals." The Company and Principals are collectively referred to herein as the "Defendants."

3. Defendants are engaged in the business of purchasing or selling Produce in wholesale or jobbing quantities and, therefore, a "dealer" of Produce as defined by the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t (the 2006 & Supp. 2008 "PACA").

4. Defendants are engaged in the business of negotiating sales and purchases of various perishable agricultural commodities in interstate or foreign commerce for or on behalf of a vendor or purchaser, respectively, and, therefore, a "broker" of Produce as defined by the Perishable Agricultural Commodities Act,

1930, 7 U.S.C. §§ 499a-499t (the "PACA").

## JURISDICTION AND VENUE

5. The District Court has jurisdiction over this civil action arising under § 5(c)(5) of the PACA, 7 U.S.C. § 499e(c)(5), pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant Nara International, Inc. resides in this judicial district and all the Defendants reside in the State of California. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and a substantial part of the property that is the subject of this action is situation in this district.

## FACTUAL ALLEGATIONS

7. Plaintiff sold to the Company, and Company purchased from Plaintiff, Produce having a current aggregate amount of $37,623.63, as set forth the chart attached hereto as Group Exhibit A and incorporated herein by this reference.

8. The Company accepted each load of Produce which corresponds to the invoice numbers listed on Group Exhibit A.

9. The Company accepted each load of Produce stated in Group Exhibit A in Diamond Bar, California.

10. The Plaintiff issued to the Company, and the Company received, the invoices listed in Group Exhibit A.

11. The Plaintiff is unpaid supplier or seller of Produce having sold Produce to the Company for which it remains unpaid.

///

///

///

3

COMPLAINT

LEGAL02/31129144v1

12. The Company failed to deliver good funds to the Plaintiffs in the amount set forth under "Trust Amount" in <u>Group Exhibit A</u>, despite repeated demands from the Plaintiff.

### FIRST CLAIM FOR RELIEF

### (Enforcement of the PACA Trust, 7 U.S.C. § 499e(c)(4))

(As against Company and Principals)

13. Plaintiff re-alleges paragraphs 1 through 13 as though fully set forth herein.

14. The Defendants are in possession, custody and control of all assets derived from the Company's sale of Produce (the "PACA Trust Assets") for the benefit of the Plaintiff and other similarly-situated PACA trust beneficiaries.

15. The Defendants failed to deliver to the Plaintiff sufficient funds from the PACA Trust Assets from the shipment of Produce as listed in <u>Group Exhibit A</u>.

16. The Defendants failed to preserve sufficient amounts of the PACA Trust Assets to fully satisfy all qualified PACA trust claims, such as the Plaintiff's unpaid claims asserted in this action.

17. As a direct result of the Defendants' failure to properly protect the PACA Trust Assets from dissipation, the Plaintiff suffered damages for unpaid invoices which are covered under the PACA trust in the current aggregate amount of $37,623.63, plus additional interest at the contract rate of 10% per annum and contractually due costs of collection, including attorneys' fees, incurred in this action.

18. On information and belief, additional unknown and unpaid trust beneficiaries exist. As a result, the Plaintiff further seeks the entry of an Order directing the Defendants to immediately turn over to the registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as the Plaintiff herein, thereby creating a fund for the benefit of said trust beneficiaries.

LEGAL02/31129144v1

## SECOND CLAIM FOR RELIEF

**(For Violation of the Perishable Agricultural Commodities Act: Failure to Pay Promptly, 7 U.S.C. § 499b(4))**

(As against Company and Principals)

19. Plaintiff re-alleges paragraphs 1 through 19 as though fully set forth herein.

20. The Company received the shipments of Produce referenced in paragraph 9 above.

21. The Company, acting through its Principals, failed to pay the invoices within the applicable payment terms in effect between the parties at the time of each transaction.

22. As a direct result of the Defendants' failure to pay the invoice within terms, the Plaintiff incurred damages in the aggregate current amount of $37,623.63, plus additional interest at the contract rate of 10% per annum and contractually due costs of collection, including attorneys' fees, incurred in this action.

## THIRD CLAIM FOR RELIEF

**(Breach of Contract)**

(As against Company)

23. Plaintiff re-alleges paragraphs 1 through 23 as though fully set forth herein.

24. Plaintiff and the Company entered into contracts under which Plaintiff agreed to sell the Produce and Company agreed to purchase the Produce, each of which are referenced in paragraph 9 above.

25. The Plaintiff delivered conforming goods to the Company and has otherwise satisfied all conditions of the contracts.

///

///

26. The Company failed to pay for the shipments of Produce referenced in paragraph 9 above.

27. As a direct result of the Company's failure to pay for each shipment of Produce, the Plaintiff incurred damages in the current aggregate amount of $37,623.63, plus additional interest at the contract rate of 10% per annum and contractually due costs of collection, including attorneys' fees, incurred in this action.

### FOURTH CLAIM FOR RELIEF

**(Breach of Fiduciary Duty to PACA Trust Beneficiaries)**

(As against Principals)

28. Plaintiff re-alleges paragraphs 1 through 28 as though fully set forth herein.

29. At all times relevant to this action, S. Cha was an officer or director of the Company and a person in charge of the Company's business undertakings.

30. At all times relevant to this action, C. Cha was an officer or director of the Company and a person in charge of the Company's business undertakings.

31. At all times relevant to this action, Yoo was an officer or director of the Company and a person in charge of the Company's business undertakings.

32. At all times relevant to this action, S. Cha was a person engaged in the business of buying or selling Produce in interstate commerce in wholesale or jobbing quantities.

33. At all times relevant to this action, C. Cha was a person engaged in the business of buying or selling Produce in interstate commerce in wholesale or jobbing quantities.

///

///

34. At all times relevant to this action, Yoo was a person engaged in the business of buying or selling Produce in interstate commerce in wholesale or jobbing

LEGAL02/31129144v1

quantities.

35. At all times relevant to this action, S. Cha controlled and managed the Company's operations and had control over the Company's financial dealings, including those involving the PACA Trust Assets.

36. At all times relevant to this action, C. Cha controlled and managed the Company's operations and had control over the Company's financial dealings, including those involving the PACA Trust Assets.

37. At all times relevant to this action, Yoo controlled and managed the Company's operations and had control over the Company's financial dealings, including those involving the PACA Trust Assets.

38. At all times relevant to this action, S. Cha was in a position to control and manage the Company's operations and had the ability to control the Company's financial dealings, including those involving the PACA Trust Assets.

39. At all times relevant to this action, C. Cha was in a position to control and manage the Company's operations and had the ability to control the Company's financial dealings, including those involving the PACA Trust Assets.

40. At all times relevant to this action, Yoo was in a position to control and manage the Company's operations and had the ability to control the Company's financial dealings, including those involving the PACA Trust Assets.

41. At all times relevant to this action, S. Cha had authority to direct the payment of the Company's operating funds and otherwise had the power to direct the application or disposition of the PACA Trust Assets.

///
///
///

42. At all times relevant to this action, C. Cha had authority to direct the payment of the Company's operating funds and otherwise had the power to direct the

COMPLAINT

LEGAL02/31129144v1

application or disposition of the PACA Trust Assets.

43. At all times relevant to this action, Yoo had authority to direct the payment of the Company's operating funds and otherwise had the power to direct the application or disposition of the PACA Trust Assets.

44. At all times relevant to this action, S. Cha was an authorized signatory on the Company's bank account(s) and otherwise had the power to direct the application or disposition of the PACA Trust Assets.

45. At all times relevant to this action, C. Cha was an authorized signatory on the Company's bank account(s) and otherwise had the power to direct the application or disposition of the PACA Trust Assets.

46. At all times relevant to this action, Yoo was an authorized signatory on the Company's bank account(s) and otherwise had the power to direct the application or disposition of the PACA Trust Assets.

47. As an officer or director of the Company, S. Cha was a statutory trustee with a duty to safeguard the PACA Trust Assets and required to maintain the trust assets in such a manner as to ensure there were, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations such as those owed to the Plaintiff herein.

48. As an officer or director of the Company, C. Cha was a statutory trustee with a duty to safeguard the PACA Trust Assets and required to maintain the trust assets in such a manner as to ensure there were, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations such as those owed to the Plaintiff herein.

///
///

49. As an officer or director of the Company, Yoo was a statutory trustee with a duty to safeguard the PACA Trust Assets and required to maintain the

COMPLAINT

LEGAL02/31129144v1

trust assets in such a manner as to ensure there were, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations such as those owed to the Plaintiff herein.

50. Because S. Cha controlled and/or was in a position to control the Company, and the Plaintiff's invoices have not been paid from PACA trust assets as their bills fell due, S. Cha breached his fiduciary duties under the PACA trust.

51. Because C. Cha controlled and/or was in a position to control the Company, and the Plaintiff's invoices have not been paid from PACA trust assets as their bills fell due, C. Cha breached his fiduciary duties under the PACA trust.

52. Because Yoo controlled and/or was in a position to control the Company, and the Plaintiff's invoices have not been paid from PACA trust assets as their bills fell due, Yoo breached his fiduciary duties under the PACA trust.

53. S. Cha continues to hold any and all PACA Trust Assets having come into their individual possession as trustee for the Plaintiff's beneficial interest in the PACA trust.

54. C. Cha continues to hold any and all PACA Trust Assets having come into their individual possession as trustee for the Plaintiff's beneficial interest in the PACA trust.

55. Yoo continues to hold any and all PACA Trust Assets having come into their individual possession as trustee for the Plaintiff's beneficial interest in the PACA trust.

56. The Principals are each personally liable to the Plaintiff, which liability is joint and several with the Company and any third parties having received any PACA trust assets with actual or constructive notice of the breach of the PACA Trust, for the dissipation of the PACA trust in the current aggregate amount of $37,623.63, plus additional interest at the contract rate of 10% per annum and contractually due costs of collection, including attorneys' fees, incurred in this action,

to be satisfied from the Principals' personal assets.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays that judgment respectfully seeks the entry of an Order providing as follows:

### AS TO THE FIRST CLAIM FOR ENFORCEMENT OF PACA TRUST

1. For an Order creating a common fund and/or otherwise compelling the preservation of the Company's PACA trust assets for the benefit of the Plaintiff and other similarly-situated PACA trust beneficiaries that properly join in the instant action;

2. For an Order directing the Defendants to immediately turn over to the registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as the Plaintiff;

3. For a Final Judgment in favor of the Plaintiff and against the Defendants, jointly and severally, in the current amount of $37,623.63, plus additional interest at the contract rate of 10% per annum and contractually due costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein.

### AS TO THE SECOND CLAIM FOR VIOLATION OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT

4. For a Final Judgment in favor of Plaintiff and against the Defendants, jointly and severally, in the current amount of $37,623.63, plus additional interest at the contract rate of 10% per annum and contractually due costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein.

///

### AS TO THE THIRD CLAIM FOR BREACH OF CONTRACT

5. For a Final Judgment in favor of Plaintiff and against the Company

LEGAL02/31129144v1

for breach of contract in the current amount of $37,623.63, plus additional interest at the contract rate of 10% per annum and contractually due costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein.

## AS TO THE FOURTH CLAIM FOR BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

6. For an Order creating a common fund and/or otherwise compelling the preservation of the Company's PACA trust assets for the benefit of the Plaintiff and other similarly-situated PACA trust beneficiaries that properly join in the instant action;

7. For an Order directing the Principals to immediately turn over to the registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as the Plaintiff;

8. For a Final Judgment in favor of Plaintiff and against the Principals, on a joint and several basis with the Company, for breach of their fiduciary duties to PACA Trust, in the current amount of $37,623.63, plus additional interest at the contract rate of 10% per annum and contractually due costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein.

///
///
///

## AS TO ALL CLAIMS

9.  For such relief as the Court deems appropriate upon consideration of this matter.

DATED: January 27, 2009

KURT OSENBAUGH
ELIZA KARAPETYAN
**ALSTON & BIRD LLP**

JONATHAN KSIAZEK
**KEATON & ASSOCIATES, P.C.**

_____
Kurt Osenbaugh
Eliza Karapetyan
Attorneys for Plaintiff
LOBUE GROWERS COOPERATIVE, d/b/a LOBUE BROS, INC.

COMPLAINT

LEGAL02/31129144v1

# EXHIBIT A

Sheet1

## PACA TRUST CHART

**Claimant:** LoBue Brothers, Inc.  **Debtor:** Nara International, Inc.
**Date:** 01/27/09  **Terms:** Net 10 and CA State rate of interest (10%)

| INVOICE NUMBER | DATE OF TRANS. | PAYMENT DUE | NOTICE DATE | ELAPSED DAYS | INVOICE AMOUNT | BALANCE DUE | ACCRUED INTEREST | CURRENT BALANCE | TRUST AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1064366 | 03/20/08 | 03/30/08 | 03/20/08 | 0 | $ 15,017.74 | $ 15,017.74 | $ 1,294.07 | $16,311.81 | $ 16,311.81 |
| 1064367 | 03/20/08 | 03/30/08 | 03/20/08 | 0 | $ 15,017.74 | $ 15,017.74 | $ 1,294.07 | $16,311.81 | $ 16,311.81 |
| **Collection Costs | | | | | | | | | $ 5,000.00 |
| TOTALS | | | | | $ 30,035.48 | $ 30,035.48 | $ 2,588.15 | $ 32,623.63 | $ 37,623.63 |

\* Interest calculated through the date set forth above
\*\* Collection costs through January 27, 2008 only



EXHIBIT A

Blumberg No. 5119

 

**LoBue Bros.**
*Citrus Growers   Packers   Shippers*
201 SO. SWEET BRIER AVE., LINDSAY, CA 93247-2422

Phones
Office (559) 562-2548
Fax (559) 562-0072
Sales (559) 562-1306
Fax (559) 562-1191

| | |
|---|---|
| BILL TO | NARA INTERNATIONAL, INC.<br>727 BREA CANYON ROAD, SUITE 2<br>WALNUT, CA 91789 |
| SHIP TO | SERA TRADING, LTD.<br>RM 609, AGRICULTURAL AND MARINE PROD. CORP. 427 OEBALSAN-DONG<br>KANGSEO-GU, SEOUL<br>KOREA |

Invoice No. I064366
Order ID 130815
Date 3/20/2008
Customer PO NISR-080312-001-002
Customer Vendor
Recorder No. 6409181
Agent/Broker

| DATE SHIPPED | TERMS | SHIP VIA |
|---|---|---|
| 3/19/2008 | FOB | JAMES BROOKS TRUCKING |

| QUANTITY | DESCRIPTION | PRICE | EXT. PRICE |
|---|---|---|---|
| 540 | EXPORT CTN LOBUE SPECIALTY FX NAVELS 056 - Produce of CA, U.S.A. | 14.5000 | 7,830.00 |
| 346 | EXPORT CTN LOBUE SPECIALTY FX NAVELS 072 - Produce of CA, U.S.A. | 13.5000 | 4,671.00 |
| 108 | EXPORT CTN LOBUE SPECIALTY FX NAVELS 088 - Produce of CA, U.S.A. | 11.0000 | 1,188.00 |
| 994 TOTAL NAVELS | | | |
| 994 Total Units | | | |

**Charges**

| | | | |
|---|---|---|---|
| 1 | EXPORT RECORDER | 36.0000 | 36.00 |
| 1 | KOREAN PHYTOSANITARY | 80.0000 | 80.00 |
| 994 | UNITIZATION EXPORT HEAT 54 | 0.4500 | 447.30 |
| 994 | KOREAN PROTOCOL CHARGE | 0.7600 | 755.44 |
| 1 | AIRBAG | 10.0000 | 10.00 |

Fruit Total       $13,689.00
Misc. Charges     $1,328.74
**PLEASE PAY THIS TOTAL**   $15,017.74

Sold for members of Central California Orange Growers Co-operative;

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of The Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. If collection efforts are made by LoBue Bros., Inc. to collect unpaid past due amounts on this invoice, LoBue Bros., Inc. will be entitled to reasonable attorney's fees and costs associated therewith.         Sold on the basis of good delivery standards

*All Sales F.O.B. Shipping Point Unless Otherwise Stated. Please Show Our Invoice Number On Your Remittance. No Statement Rendered*

 

**LoBue Bros.**
*Citrus Growers   Packers   Shippers*
201 SO. SWEET BRIER AVE., LINDSAY, CA 93247-2422

Phones
Office (559) 562-2548
Fax (559) 562-0072
Sales (559) 562-1306
Fax (559) 562-1191

BILL TO: NARA INTERNATIONAL, INC.
727 BREA CANYON ROAD, SUITE 2
WALNUT, CA 91789

SHIP TO: SERA TRADING, LTD.
RM 609, AGRICULTURAL AND MARINE PROD. CORP. 427 OEBALSAN-DONG
KANGSEO-GU, SEOUL
KOREA

Invoice No. 1064367
Order ID 130816
Date 3/20/2008
Customer PO NISR-080312-001-002
Customer Vendor
Recorder No. 6409175
Agent/Broker

| DATE SHIPPED | TERMS | SHIP VIA |
|---|---|---|
| 3/19/2008 | FOB | JAMES BROOKS TRUCKING |

| QUANTITY | DESCRIPTION | PRICE | EXT. PRICE |
|---|---|---|---|
| 540 | EXPORT CTN LOBUE SPECIALTY FX NAVELS 056 - Produce of CA, U.S.A. | 14.5000 | 7,830.00 |
| 346 | EXPORT CTN LOBUE SPECIALTY FX NAVELS 072 - Produce of CA, U.S.A. | 13.5000 | 4,671.00 |
| 108 | EXPORT CTN LOBUE SPECIALTY FX NAVELS 088 - Produce of CA, U.S.A. | 11.0000 | 1,188.00 |
| 994 TOTAL NAVELS | | | |

994 Total Units

**Charges**

| | | | |
|---|---|---|---|
| 1 | EXPORT RECORDER | 36.0000 | 36.00 |
| 1 | KOREAN PHYTOSANITARY | 80.0000 | 80.00 |
| 994 | UNITIZATION EXPORT HEAT 54 | 0.4500 | 447.30 |
| 994 | KOREAN PROTOCOL CHARGE | 0.7600 | 755.44 |
| 1 | AIRBAG | 10.0000 | 10.00 |

Fruit Total                $13,689.00
Misc. Charges              $1,328.74
**PLEASE PAY THIS TOTAL**   $15,017.74

Sold for members of Central California Orange Growers Co-operative;

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of The Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. If collection efforts are made by LoBue Bros., Inc. to collect unpaid past due amounts on this invoice, LoBue Bros., Inc. will be entitled to reasonable attorney's fees and costs associated therewith.    Sold on the basis of good delivery standards.

All Sales F.O.B. Shipping Point Unless Otherwise Stated. Please Show Our Invoice Number On Your Remittance. No Statement Rendered

3

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

```
CV09- 617 ODW (CWx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Kurt Osenbaugh (SBN 106132)
ALSTON & BIRD LLP
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone:(213) 576-1000
Facsimile: (213) 576-1100
kurt.osenbaugh@alston.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOBUE GROWERS COOPERATIVE d/b/a LOBUE BROS, INC., a California Corporation<br>PLAINTIFF(S)<br>V.<br>NARA INTERNATIONAL, INC., a California Corporation; SUNG N. CHA, an individual; CHARLIE CHA, an individual; and JAMES K. YOO, an individual<br>DEFENDANT(S). | CASE NUMBER<br><br>CV09-00617 ODW (CWx)<br><br>SUMMONS |

TO:DEFENDANT(S): <u>Nara International, Inc., et al</u>

A lawsuit has been filed against you.

Within <u>20 (twenty)</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Kurt Osenbaugh</u>, whose address is <u>333 South Hope Street, 16th floor, Los Angeles, CA 90071</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JAN 27 2009

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)    SUMMONS    American LegalNet, Inc.
www.USCourtForms.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| LOBUE GROWERS COOPERATIVE d/b/a LOBUE BROS, INC., a California Corporation | NARA INTERNATIONAL, INC., a California Corporation; SUNG N. CHA, an individual; CHARLIE CHA, an individual; and JAMES K. YOO, an individual |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Kurt Osenbaugh (SBN 106132)/Eliza Karapetyan (SBN 234100) ALSTON & BIRD LLP 333 S. Hope Street, Sixteenth Floor, Los Angeles, CA 90071 Telephone: (213) 576-1000; Facsimile: (213) 576-1100 kurt.osenbaugh@alston.com / eliza.karapetyan@alston.com | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ 37,623.63 plus interest

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Perishable Agricultural Commodities Act, 1930, 7 U.S.C. Sections 499a-499t; 499b(4)499(e)(c)(4); 499(e)(c)(5); breach of contract

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Accommodations | | SOCIAL SECURITY |
| ☒ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                  CIVIL COVER SHEET                              Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Tulare County |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date January 26, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |